UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANAPOLIS SCALE COMPANY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:07-cv-1502-DFH-WTL |
| | ) |
| AVERY WEIGH-TRONIX, L.L.C., | ) |
| | ) |
| Defendant. | ) |

ENTRY ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Indianapolis Scale Company, Inc. ("ISC") filed this lawsuit in state court on October 24, 2007. On November 21, 2007, defendant Avery Weigh-Tronix, L.L.C. ("Avery") removed the case to this court on the basis of diversity jurisdiction. A few weeks following removal, Avery filed a motion to dismiss (Dkt. No. 18) arguing that ISC failed to join an indispensable party, Kanawha Scales & Systems, Inc. ("Kanawha"). For reasons explained in this entry, the court denies the motion.

Recently amended as part of the general restyling of the civil rules, Rule 19 of the Federal Rules of Civil Procedure addresses when additional parties must be joined in a lawsuit and the consequences of failing to do so. The rule provides in relevant part:

(a)    Persons Required to Be Joined if Feasible.

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
  (i) as a practical matter impair or impede the person's ability to protect the interest; or
  (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
(2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
(3) Venue. If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.
(b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
(2) the extent to which any prejudice could be lessened or avoided by:
(A) protective provisions in the judgment;
(B) shaping the relief; or
(C) other measures;
(3) whether a judgment rendered in the person's absence would be adequate; and
(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19.

When the court analyzes a motion to dismiss for failure to join a party, it does so in a step-by-step process. First, it must determine whether a party should be included if feasible, or, in older legal parlance, whether the party is a

"necessary" party. *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001). If the party is a necessary party, but the court concludes it cannot be brought into the action, the court must decide if there is any way a judgment could be structured in the party's absence so as not to violate the rights of the absent or present parties. If the answer to that question is no, then the party is deemed "indispensable." *Id.*

In going about this task, the court accepts the allegations of the plaintiff's complaint and draws any reasonable inferences in plaintiff's favor, *Cole v. U.S. Capital*, 389 F.3d 719, 724 (7th Cir. 2004), though the court may look outside the pleadings to extrinsic evidence, *Davis Cos.*, 268 F.3d at 480 n.4. The moving party bears the burden of proving that dismissal is necessary, which means it must show that the factors to be considered under Rule 19(b) lead to the conclusion that there is an entity not named in the suit that is indispensable and cannot be made a party. See *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111-12 (1968); *Thomas v. United States*, 189 F.3d 662, 645 (7th Cir. 1993). As a part of any assessment of whether the claims can be resolved fairly without the presence of another party, the plaintiff's interest in choosing the forum weighs against dismissal. *Pasco International (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 501 (7th Cir. 1980).

Turning to this dispute, defendant Avery manufactures industrial-grade weighing systems. Through separate distributorship agreements with Avery, both

ISC and Kanawha sell, install, and maintain Avery's products in their respective geographic areas. This case arises from Avery's decision to establish a national account with Con-way, Inc. ("Con-way"). In this lawsuit, ISC contends that it negotiated the sale of 425 Avery lift truck scales to Toyota Industrial Equipment Manufacturing ("Toyota"). Toyota planned to install those scales at its Columbus, Indiana facility for its customer, Con-way. Toyota's plant is located in a geographic area for which ISC claims to be Avery's exclusive distributor. Avery provided the quotation information that ISC required to negotiate the sale of the scales, but according to ISC, Avery later decided to establish a "national account" with Con-way and to sell to it directly, cutting ISC out as the middleman. ISC asserts several theories of recovery, including breach of the distributorship agreement, tortious interference with contract, promissory estoppel, and a breach of the Minnesota Franchise Act.

In a similar lawsuit filed in the West Virginia state courts, Kanawha has alleged that Avery's sales to Con-way as a national account also breached Avery's distributorship agreement with Kanawha. Kanawha claims that Con-way's headquarters are located in Kanawha's exclusive territory and that Kanawha had made significant marketing efforts that resulted in the sales for which Avery is seizing all the benefit. Kanawha's suit acknowledges the existence of this Indiana action between ISC and Avery, and Kanawha does not limit its claim to amounts that may be due and owing for the scales to be installed at the Toyota plant in

Indiana.  Both ISC and Kanawha seek the commissions they claim they should receive for the sale of scales to Con-way, as well as additional damages.

In support of its motion to dismiss, Avery argues that both ISC and Kanawha are seeking sales commissions from the sale of the same scales and that the only way to settle these competing claims is to have both distributors assert their claims in the same lawsuit.  Before addressing whether Avery has met its burden in prosecuting its motion, the court should identify the unfounded assumption that lies at the heart of Avery's motion.  Avery assumes that ISC's and Kanawha's claims are mutually exclusive, that under no circumstances could it be found to owe a full commission to both ISC and Kanawha.

Nothing before the court supports that assumption.  First, this is not necessarily a "zero-sum" or even a "single-sum" game for Avery.  If a manufacturer promises two different people that it will pay them, say, a ten percent commission for products sold in particular areas or to a particular type of customer, that does not mean that only one commission can apply to a given sale or that ten percent is the maximum extent of any commission "pot."  Depending on the details of each contract and the facts surrounding the sale, there may be two commissions due, or one, or none.  The manufacturer's failure to pay might breach two contracts, or only one contract, or neither contract.

Second, if the manufacturer made promises outside the contract, or if the manufacturer committed a separate tort, as both ISC and Kanawha allege against Avery, each claimant might be entitled to recover compensatory damages beyond any commission that might be due and owing.

Third, Avery's assumption fails to take into account all the additional legal claims asserted by both ISC and Kanawha. Commissions are not the only damages sought here. Then there is the issue of punitive damages, which both ISC and Kanawha seek and which, if awarded, also would not be mutually exclusive. In short, it is possible that Avery could be found to have wronged both ISC and Kanawha. If it did, neither obligation would be dependent on the other. There is no defined and limited fund that limits the recovery of either party or that would be reduced by the first of the two plaintiffs to obtain a judgment. In terms of Rule 19(a)(1), this court could grant complete relief between ISC and Avery without Kanawha's participation. Kanawha does not claim an interest in the subject matter of this action, and a judgment in this action would not leave Avery or ISC subject to a substantial risk of double, multiple, or otherwise inconsistent obligations.

The court agrees with Avery that it would probably be more efficient if both ISC and Kanawha were involved in a single lawsuit regarding the ramifications of Avery's alleged decision to bypass its distributors and to establish a national account with Con-way. But efficiency is not the standard under Rule 19. Avery

has fallen far short of its burden of establishing that Kanawha, based in West Virginia, needs to be a party here in Indiana before ISC's claims can be resolved without violating any of the contractual or other rights of Kanawha or Avery. In other words, Avery has failed to show that Kanawha is even a necessary party under Rule 19(a).

Avery also has not even attempted to meet its burden under Rule 19(b) of showing that Kanawha could not be made a party here. Avery says only that it is not sure whether Kanawha has sufficient contacts to be subject to service and jurisdiction. That may be an issue for its further investigation if Avery tries to implead Kanawha, but Avery's ignorance at this point does nothing to support its motion to dismiss.

The bottom line here is that Avery's motion is based on the incorrect and unsupported assumption that Kanawha has something at stake in this litigation and is therefore indispensable. The Seventh Circuit provided guidance when it quoted Professors Wright and Miller:

> [W]hen a person is not a party to the contract in litigation and has no rights or obligations under that contract, even though the absent party may be obligated to abide by the result of the pending action by another contract that is not at issue, the absentee will not be regarded as an indispensable party in a suit to determine obligations under the disputed contract.

*Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 484 (7th Cir. 2001), quoting Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal*

*Practices and Procedure Civil 3d*, § 1613 at 197 (2001). Here there is even less reason than there was in *Davis Companies* for finding the absent party to be indispensable. Nothing in the record indicates that Kanawha's contract would require it to "abide" by anything that might be decided in connection with this case.

Accordingly, Avery's Motion to Dismiss (Doc. #18) is denied. Defendant Avery shall answer the complaint no later than February 28, 2008.

So ordered.

Date: February 7, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Sonia S. Chen
BINGHAM MCHALE LLP
schen@binghammchale.com

Duane R. Denton
BINGHAM MCHALE LLP
rdenton@binghammchale.com

Gregory W. Guevara
BOSE MCKINNEY & EVANS, LLP
gguevara@boselaw.com

R. Scott Johnson
KOLEY JESSEN P.C., L.L.O.
scott.johnson@koleyjessen.com

Donald L. Swanson

KOLEY JESSEN P.C., L.L.O.
don.swanson@koleyjessen.com

Emily L. Yates
BOSE MCKINNEY & EVANS, LLP
eyates@boselaw.com